# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

NORTH JERSEY SPINE GROUP, LLC,

    Plaintiff,

vs.

AETNA LIFE INSURANCE COMPANY,

    Defendant.

Civil Action 17-3597(CCC)(MF)

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF REMAND FOR LACK OF SUBJECT-MATTER JURISDICTION

Eric D. Katz | NJ Atty. No. 016791991
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: ekatz@mskf.net
*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ................................................................................................................1

REPLY ARGUMENT ..........................................................................................................2

   A.  The *Pascack* Test ........................................................................................2

   B.  Aetna Fails to Respond to NJSG's Arguments Regarding the First
      Prong of *Pascack* ........................................................................................3

   C.  Aetna Fails to Respond to NJSG's Arguments Regarding the
      Second Prong of *Pascack* ..........................................................................4

   CONCLUSION ............................................................................................................8

# **TABLE OF AUTHORITIES**

**Cases**

*CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165 (3d Cir. 2014) ........................................... 6,7

*Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404,
  2014 WL 7404563 (D.N.J. Dec. 29, 2014) ............................................................................ 5,6,7

*Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund*, No. 6–637,
  2006 WL 3675261 (D.N.J. Dec. 12, 2006) ................................................................................. 6

*Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*,
  623 F. Supp. 2d 568 (D.N.J. 2009) ............................................................................................. 7

*McCulloch Orthopaedic Surgical Services, PLLC v. Aetna Inc.,* 857 F.3d 141
(2d Cir. 2017) ................................................................................................................................ 4

*N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012
  (D.N.J. Feb. 17, 2017), *R&R adopted*, 2017 WL 1055957 (D.N.J. Mar. 20, 2017) ............. *1,3,5,7*

*Pascack Valley Hospital, Inc. v. Loc. 464A UCFW Welfare Reimbursement
  Plan*, 388 F.3d 393 (3d Cir. 2004) ..................................................................................... *passim*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ........................................................... 2

*Somerset Ortho. Assocs., P.A. v. Aetna Life Ins. Co.*, No. 06-867,
  2007 WL 432986 (D.N.J. Feb. 2, 2007) ...................................................................................... 6

*Specialty Surgery of Middletown v. Aetna,* No. 12-4429, 2014 WL 2861311
(D.N.J. June 24, 2014) ............................................................................................................... 3,4

## **INTRODUCTION**

Plaintiff North Jersey Spine Group, LLC ("NJSG") submits this reply brief in further support of its motion to remand this action for lack of subject-matter jurisdiction.

In a short opposition brief, citing to nothing more than boilerplate preemption platitudes, defendant Aetna Life Insurance Company ("Aetna") fails to respond to **any** of NJSG's opening brief arguments addressing Aetna's inability to satisfy either prong of the *Pascack* test. Nor does Aetna even mention, let alone address, Judge Falk's recent Report and Recommendation, adopted by Judge Martini, remanding a virtually identical action involving this same defendant. *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012 (D.N.J. Feb. 17, 2017) (Falk, J.), *R&R adopted*, 2017 WL 1055957 (D.N.J. Mar. 20, 2017) (Martini, J.). In short, this action should be remanded.

1

## REPLY ARGUMENT

## AETNA FAILS TO ADDRESS THE *PASCACK* PRONGS AS THEY APPLY TO ITS REMOVAL PETITION IN THE CASE AT BAR

In its opposition brief, Aetna fails to address any of NJSG's moving arguments.

### A.  The *Pascack* Test

To recap, in *Pascack Valley Hosp. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 398 (3d Cir. 2004), *cert. denied*, 546 U.S. 813 (2005), the Third Circuit concluded that "[a] case is removable only if (1) the [plaintiff] could have brought its breach of contract claim under [ERISA] § 502(a), and (2) no other legal duty supports the [plaintiff's] claim." 388 F.3d at 400 (citation omitted).  Further, defendant bears a heavy burden of proof: "removal jurisdiction is…strictly construed, requiring remand to state court if **any doubt** exists over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)."  "Because the party seeking removal to federal court must establish federal subject-matter jurisdiction by a preponderance of the evidence, Defendant bears the burden of proving that Plaintiff's claim is truly an ERISA claim." *Pascack*, 388 F.3d at 401–02.

**B.     Aetna Fails to Respond to NJSG's Arguments Regarding the First Prong of *Pascack***

As addressed in plaintiff's opening brief, Aetna conspicuously failed to attach a copy of any valid, adequate assignment of the patient's benefits to its removal pleading, as required. The Third Circuit in *Pascack* made clear that, in the absence of actual evidence of a valid assignment, it is reversible error for a district court to deny remand. *Pascack*, 388 F.3d at 400-02. Indeed, that is precisely what Judges Martini and Falk also concluded in *N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012, at *4 (D.N.J. Feb. 17, 2017), *R&R adopted*, 2017 WL 1055957 (D.N.J. Mar. 20, 2017):

> Aetna has failed to submit documents establishing assignments with respect to . . . four patients involved in this case. Thus, Aetna has failed to demonstrate, at least with respect to four of the patients, valid assignments that would confer standing on NJBSC to bring any claims it may possess as an assignee under § 502(a).

In addition to Aetna's lack of actual proof of a valid assignment, Aetna has no answer to NJSG's argument that defendant's removal pleading is also defective because it fails to establish that there is no anti-assignment clause, or to repudiate in the removal pleading the standard anti-assignment clause commonly found in Aetna insurance plans. As plaintiff addressed in its opening brief, Aetna frequently invokes anti-assignment clauses in healthcare plans to defeat standing by claiming that a provider's assignment of benefits is null and void. *E.g., Specialty Surgery of Middletown v. Aetna*, No. 12-4429, 2014 WL 2861311, at *2 (D.N.J. June 24, 2014)

3

(Aetna asserting provider had no standing based on anti-assignment clause); *McCulloch Orthopaedic Surgical Services, PLLC v. Aetna Inc.*, 857 F.3d 141, 148 (2d Cir. 2017) (Remanding action to state court because Second Circuit would not "ignore that [Aetna's] health care plan prohibits an assignment [which] would lead to a result that is both unjust and anomalous: McCulloch would be barred from pursuing state-law claims in state court on preemption grounds and from pursuing an ERISA claim in federal court for lack of standing"). Thus, even if Aetna could satisfy its burden and demonstrate a valid assignment exists as a threshold matter (which it is unable to do), such an assignment would then be repudiated by virtue of defendant's anti-assignment clause. Either way, no ERISA standing exists. For these reasons, remand is appropriate.

C. **Aetna Fails to Respond to NJSG's Arguments Regarding the Second Prong of *Pascack***

Aetna also has no response to NJSG's arguments regarding the existence of an "independent duty." This Court has jurisdiction **only if** defendant can demonstrate that "there is no other independent legal duty that is implicated by a defendant's actions," *i.e.*, "no legal duty (state or federal) independent of ERISA or the plan terms." *See Pascack*, 388 F.3d at 400.

Here, NJSG has asserted only state law causes of action, including breach of implied contract, that relate to the *amount* of coverage, not the existence of coverage.

Judge Falk has already held that in such matters -- involving this same defendant -- an independent duty is established.

> This appears to be a straightforward breach of contract action pled independent of any claims that potentially could exist under the ERISA plans. [The provider] is not seeking relief as an assignee of an ERISA plan's benefits, but pursuing recovery under the terms of an implied contract between it and Aetna.

*N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 659012, at *5 (D.N.J. Feb. 17, 2017),

In adopting the R&R in that case, Judge Martini succinctly concluded:

Specifically, the Court notes, as Judge Falk did, that even if Plaintiff has standing to bring this action under § 502(a) of ERISA (which is doubtful for at least some of the claims, given that no valid ERISA assignment has been shown for four out of seven patients), "Plaintiff's state law claim for breach of contract is in no way based on any legal obligation under the ERISA plans," i.e., an independent legal duty supports Plaintiff's claim.

*N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1544, 2017 WL 1055957, at *1 (D.N.J. Mar. 20, 2017).

To constitute a claim that is subject to ERISA preemption, an action must be "a suit complaining of denial of coverage for medical care." Or, to use the language of the statute, the action must be "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Emergency Physicians of St. Clare's v. United Health Care*, No. 14-404, 2014 WL 7404563, at *5 (D.N.J. Dec. 29, 2014)

(emphasis added and citation omitted). Consequently, the Third Circuit has cautioned against "conflating" claims seeking "coverage" with those disputing the "amount" of "reimbursement." The former are preempted; the latter are not.

> As the [plaintiff-]Providers correctly note, [the defendant-insurer]'s argument to the contrary rests on a conflation of claims, such as this one, seeking coverage under a benefit plan, and claims seeking reimbursement for coverage provided. **The distinction is key.** As we explained in Pascack Valley, a provider may bring a contract action for an insurer's failure to reimburse the provider pursuant to the terms of the agreement, while a claim seeking coverage of a service may only be brought under ERISA. 388 F.3d at 403–04 (holding that a hospital had an independent breach of contract action against the insurer because "the dispute here is not over the right to payment, which might be said to depend on the patients' assignments to the Providers, but **the amount, or level, of payment**, which depends on the terms of the provider agreements" (emphasis in original; quotation marks and alterations omitted)).

*CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 177-78 (3d Cir. 2014) (bold emphasis added). In short, "ERISA does not…preempt claims over the amount of coverage provided, which includes disputes over reimbursement." *Emergency Physicians*, 2014 WL 7404563, at *5 (emphasis added) (citing *CardioNet*, 751 F.3d at 177). *Accord Somerset Ortho. Assocs., P.A. v. Aetna Life Ins. Co.*, No. 06-867, 2007 WL 432986, at *1 (D.N.J. Feb. 2, 2007) (holding provider's claim not preempted "because it is merely based on…the defendant's failure to pay correctly for the plaintiff's services, and thus 'the dispute is not over coverage and eligibility, i.e., the right to payment, but rather over the amount of payment to which the [provider] is entitled'") (quoting *Englewood Hosp. & Med.*

*Ctr. v. AFTRA Health Fund*, No. 6–637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006)). *See also Horizon Blue Cross Blue Shield of N.J. v. E. Brunswick Surgery Ctr.*, 623 F. Supp. 2d 568, 573-74 (D.N.J. 2009) ("Generally, 'the bare fact that [a plan's terms] may be consulted in the course of litigating a state-law claim' is insufficient to justify removal" under ERISA).

Applying this "key distinction" reiterated by the Third Circuit in CardioNet, Judge Salas recently remanded an analogous healthcare dispute. In *Emergency Physicians*, the court remanded a healthcare case to New Jersey state court because (1) the core dispute was "whether the amount that Defendant paid was correct," (2) the provider's reimbursement claim did "not depend on any assignment by patients to Plaintiff," and (3) the providers "may be asserting claims that patients could not even assert." 2014 WL 7404563, at *6. So too here.

So too here, NJSG's claims are grounded on "other independent legal duties" arising primarily from quasi-contract claims, because Aetna made payment -- albeit underpayment -- on the claims at issue. This is not a dispute over the existence of coverage, only the amount of payment for NJSG's services. And the Third Circuit held in *Pascack* and reemphasized in *CardioNet* that disputes such as these are not subject to ERISA preemption and should not be removed. Accordingly, this action should be remanded to state court, like Judges Falk and Martini previously did in *North Jersey Brain & Spine Center v. Aetna*.

7

## CONCLUSION

Plaintiff's motion to remand for lack of jurisdiction should be granted.

Respectfully submitted,

**MAZIE SLATER KATZ & FREEMAN, LLC**

Dated:  November 3, 2017

BY: _s/ Eric D. Katz_____
ERIC D. KATZ

8